UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**EDUARDO E. HUERTA,**

 Petitioner,

v.            No. **4:23-CV-677-P**

**M.CORDOVA, Acting Warden,
FMC-Fort Worth,**[1]

 Respondent.

### **OPINION and ORDER**

 Petitioner Eduardo E. Huerta, a federal prisoner, filed a petition for a writ of habeas corpus (ECF No. 1) under 28 U.S.C. § 2241, alleging that he had not received time credits to which he is entitled. The Court, having considered the petition, the response, the record, and applicable authorities, concludes that the petition must be **DISMISSED** and **DENIED** for the alternative reasons set forth.

### **BACKGROUND**

 Huerta is serving a sentence imposed by the United States District Court for the Eastern District of Texas in Case No. 4:09-CR-00198-002. App. (Judgment, *United States v. Huerta*, No. 4:09-CR-0198-002, pp. 11-16, ECF No. 8. He pleaded guilty to one count: Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c). *Id.* He was sentenced to a total term of 60 months and a 5-year term of supervised release. *Id.* at 12-13. While on supervised release, Huerta was arrested and subsequently convicted and sentenced by the United States District Court for the Eastern District of Texas in Case No. 4:12-CR-00181-001. *Id.* p. 2 (*Judgment, United States v. Huerta*, No. 4:12-CR-0181-001, pp. 17-23. There, Huerta pleaded guilty to one count: Conspiracy to Distribute and Possess with Intent to Distribute 500 Grams or More of a Mixture or Substance Containing a Detectable Amount of Methamphetamine, in violation of 21 U.S.C. § 846. *Id.* pp. 17-23. He was further sentenced to an additional 27 months for the supervised release violation. *Id.* pp. 3-9. Pursuant to the mandatory

---

[1]The clerk of Court is directed to update the name of the respondent.

language in the statute and BOP policy, Huerta's custodial sentences are combined into a "single, aggregate term of imprisonment," for all administrative purposes. *See* 18 U.S.C. § 3584(c). Huerta has a projected release date of May 07, 2025, via good conduct time. App. p. 7.

## ANALYSIS
### A. Lack of Exhaustion

Though 28 U.S.C § 2241 does not expressly contain an exhaustion requirement, it is well-settled law that a federal inmate must exhaust all administrative remedies available before filing a habeas petition under section 2241. *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012) ("[A] federal prisoner filing a § 2241 petition must first pursue all available administrative remedies."); *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992) ("[E]xhaustion of administrative remedies is a prerequisite to filing a section 2241 petition."); *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). An inmate's failure to properly and fully pursue administrative remedies consistent with the procedures provided by the prison system in which he is incarcerated constitutes procedural default, warranting dismissal of a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. *Carmona v. Bureau of Prisons*, 243 F.3d 629, 632-34 (2d Cir. 2001); *Moscato v. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996); *Nigro v. Sullivan*, 40 F.3d 990, 993-97 (9th Cir. 1994).

As Respondent explains, the Bureau of Prisons has a three-step administrative remedy program that inmates must follow. Resp. 2-3, ECF No. 7. The record reflects that Petitioner failed to exhaust his remedies with regard to the claim he presents here. App. (Declaration of BOP Paralegal Johnna Burows) 3-4, ¶¶ 8-11, ECF No. 8. Huerta has not made any attempt to show that exceptional circumstances exist that would make exhaustion futile. *See Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993). Thus, the case must be dismissed for lack of exhaustion.

### B. Huerta Is Not Eligible to Earn Time Credits on the Aggregated Term Of Imprisonment.

While petitioner Huerta is eligible to receive time credits for his conspiracy conviction under 21 U.S.C. § 846 conviction, he is not eligible to earn time credits on his firearm possession charge under 18 U.S.C. § § 924(c), because the term of imprisonment on this count was aggregated with his term of imprisonment for his § 846 conviction. *See* 18 U.S.C. § 3632(d)(4)(D)(xxii).

2

1      <u>Under 18 U.S.C. § 3632(d)(4)(D) the BOP reviews the Aggregation of Multiple Sentences of Imprisonment to Determine Time Credit Eligibility</u>

Under bedrock principles of administrative law, courts accord deference to an interpretation of a statute adopted by the agency that has been "charged with responsibility for administering the provision" by Congress. *Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 865 (1985); *see also Smiley v. Citibank (South Dakota), N.A.*, 517 U.S. 735, 739 (1996) ("It is our practice to defer to the reasonable judgments of agencies with regard to the meaning of ambiguous terms in statutes that they are charged with administering."). Courts give weight to the agency's interpretation of a statute it administers because of the "presumption that Congress, when it left ambiguity in a statute meant for implementation by an agency, understood that the ambiguity would be resolved, first and foremost, by the agency, and desired the agency (rather than the courts) to possess whatever degree of discretion the ambiguity allows." *Smiley*, 517 U.S. at 740-41. Courts similarly accord deference to an agency's interpretation of its regulations. *Auer v. Robbins*, 519 U.S. 452, 461-62 (1997); *Thomas Jefferson Univ. v. Shalala*, 512 U.S. 504, 513 (1994).

Although some deference is always accorded to an agency's interpretation of a statute it administers, the level of deference varies. If Congress delegated authority to an agency to make rules with the force of law and the agency acted pursuant to that delegated authority in interpreting the statutory scheme, then courts review that statutory interpretation under the standards set forth in *Chevron*. *See United States v. Mead*, 533 U.S. 218, 226-27 (2001). Under *Chevron*, if the statute is silent or ambiguous, the courts will uphold the agency's interpretation if it "is based on a permissible construction of the statute." 467 U.S. at 843; *see also Lopez v. Davis*, 531 U.S. 230, 242 (2001) (holding the BOP had the authority to fill the "statutory gap" in § 3621(e)'s early release provision in a reasonable manner in light of the Congress' "revealed design").

Here, Huerta's 18 U.S.C. § § 924(c) conviction precludes him from earning time credits on his aggregated term of imprisonment. In the regard, § 3632(d)(4)(D) defines an ineligible prisoner as one "serving a sentence for a conviction" for one of 68 enumerated offenses and/or penalties. *Id.* at § 3632(d)(4)(D) (i) through (lxviii). But the statute is silent as to how the BOP should determine eligibility of inmates with multiple convictions under different criminal statutes, like Huerta. Therefore, in determining whether an inmate with multiple convictions is eligible to earn time credits under the FSA, the BOP will consider each

3

conviction resulting in a term of imprisonment which has been administratively aggregated into one single term of imprisonment under 18 U.S.C. § 3584(c)("Treatment of multiple terms of imprisonment as "an aggregated term of imprisonment.") If one of the convictions is precluded under § 3632(d)(4)(D), the inmate is ineligible to earn time credits on the entire aggregated sentence.

The BOP's interpretation of § 3632(d)(4)(D) as applied to inmates with multiple terms of imprisonment administratively aggregated into one term of imprisonment under § 3584(c) is a reasonable, permissible construction of the statute. While there is ambiguity in § 3632(d)(4)(D)'s use of the term "serving a sentence for a conviction" under these circumstances, this statutory language must be read in the context of the BOP's statutory obligations for computing sentences. *See McCarthy v. Bronson*, 500 U.S. 136, 139 (1991) ("However, statutory language must always be read in its proper context."); *Mayo Clinic v. United States*, 997 F.3d 789, 793 (8th Cir. 2021) (noting words in a statute "are read in the context in which they are used and in the context of the statute as a whole").

One such statutory obligation is found at 18 U.S.C. § 3584(c). In full, that provision provides: "Multiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment." *Id.* "Administrative purposes" includes not only the computation of sentences, but also the discretionary administrative functions such as determining a "current offense" for early release eligibility under 18 U.S.C. § 3621(e). *See Moreno v. Ives*, 842 Fed. Appx. 18, 20-22 (9th Cir. 2020) ("Insofar as Mr. Moreno argues that § 3584(c) is limited to sentence computation, no such limit exists in the language of the statute, and other courts have recognized that the statute applies to all administrative determinations made by BOP") (citation omitted); *Donald v. Hudgins*, No. 4:18-CV-04017, 2018 WL 4519194, *9 (D. S.D. Aug. 13, 2018) (noting two convictions "are still considered 'current' convictions for administrative purposes, even though the 24 out of the 144 months of the aggregated sentence have elapsed"), *rep. and rec. adopted*, 2018 WL 4516688 (D. S.D. Sep. 20, 2018) ; *Thelen v. Cross*, No. 12-080-DRH-DGW, 2014 WL 51642, at *4 (S.D. Ill. Jan. 7, 2014) (finding that an inmate offered "no plausible legal reason why the BOP should not follow" § 3584(c) when assessing early release eligibility);*Venzor v. Warden, F.C.I., El Reno*, No. CIV-19-319-D, 2019 WL 4459334, *2 (W.D. Okla. 2019) ("As a result, though 18 months may have passed since Petitioner began serving the sentence for case number 5:17-CR-008-01-C, the single aggregated sentence has not been fully served.").

4

As the BOP is required to aggregate terms of imprisonment for administrative purposes, it is reasonable for the BOP to apply the aggregation rule to 18 U.S.C. § 3632(d)(4)(D) and conclude that if one of the aggregated convictions is precluded from earning time credits, the entire aggregated sentence is precluded from earning time credits. Huerta has offered no statute or case law to support a contrary interpretation. The difference in terms – § 3632(d)(4)(D)'s "serving a sentence for a conviction" and § 3584(c)'s "term of imprisonment" – is a distinction without meaning. In *Wold v. Federal Bureau of Prisons*, the court upheld the BOP's decision to administratively aggregate violent and non-violent terms of imprisonment for purposes of determining whether an inmate was "convicted of a nonviolent offense" under 18 U.S.C. § 3621(e). *See Wold v. Fed. BOP of Prisons*, No. 4:18-CV- 04061-VLD, 2018 WL 4906273, *4 (D.S.D. Oct. 9, 2018). The *Wold* Court acknowledged the different terminology in the two statutes, but concluded the terms meant the same thing based on their common definitions:

> Mr. Wold points out, accurately, that § 3584(c) speaks of aggregating "terms of imprisonment," not "sentences." This is a distinction without a difference. Both "term of imprisonment" and "sentence" are used interchangeably to refer to a period of incarceration imposed for violation of the law. "Imprison" means to put in as in prison, to confine. See https://www.merriam-webster.com/dictionary/imprisonment (last checked December 13, 2023). "Sentence" has as one of its definitions a "judgment, specifically one formally pronounced by a court or judge in a criminal proceeding and specifying the punishment to be inflicted upon the convict." *Id*. A "sentence" specifies punishment. Where the "sentence" includes confinement, the "sentence" includes a "term of imprisonment."

*Id.* at *6 (internal citations omitted); *see also Perrin v. United States*, 444 U.S. 37, 42 ("A fundamental canon of statutory construction is that, unless otherwise defined, words will be interpreted as taking their ordinary, contemporary, common meaning."). This reasoning is equally applicable to interpreting § 3632(d)(4)(D). "Serving a sentence of conviction" and "term of imprisonment" mean the same thing – an inmate has been convicted of a criminal offense, and a court has imposed a term of imprisonment as part of his sentence.

For these reasons, Huerta is statutorily precluded from applying time credits to his aggregated sentence, and the § 2241 petition must

5

alternatively be denied.[2]

## CONCLUSION and ORDER

It is therefore **ORDERED** that petitioner Eduardo E. Huerta's petition for relief under 28 U.S.C. § 2241 is **DISMISSED** for want of exhaustion, and alternatively, **DENIED**.

**SO ORDERED** this **13th day** of **December 2023**.

Mark T. Pittman
UNITED STATED DISTRICT JUDGE

---

[1] The Court adopts Respondent's arguments that practical considerations support the BOP's interpretation of 18 U.S.C. § 3632(d)(4)(D) as applied to Hurerta, for the reasons stated in the response at pages 7-8. Resp. 7-8, ECF No. 7.